```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

CHESTER JONES,                  :
     Plaintiff,                 :
                                          PRISONER
v.                              :   Case No. 3:05CV450(RNC)

JOHN ARMSTRONG, ET AL.,         :
     Defendants.                :
```

## RULING AND ORDER

Plaintiff, a Connecticut inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, brings this action pursuant to 42 U.S.C. § 1983 against John Armstrong, former Commissioner of the Connecticut Department of Correction, and Greensville Correctional Center ("Greensville"), a correctional facility in Virginia. He claims that Armstrong transferred him to Greensville in violation of his Eighth Amendment right not to be subjected to cruel and unusual punishment. He also claims that Greensville personnel who are not named as defendants in this action violated his rights under the Eighth Amendment by failing to protect him against an assault by other inmates and failing to provide him with adequate medical care for injuries he received in the assault. For the reasons set forth below, the complaint is dismissed as to Greensville with prejudice and as to Armstrong without prejudice. Plaintiff's motion to appoint counsel (doc. # 4) and motion for discovery (doc. # 9) are denied as moot.

I.  <u>Facts</u>

Plaintiff alleges the following facts, which are assumed to

be true for purposes of this ruling.  In September 2002, former Commissioner Armstrong approved plaintiff's transfer to Greensville, which is located in Jarratt, Virginia.  In July 2003, a correctional officer opened plaintiff's cell door to enable two inmates to enter and assault him.  Medical personnel evaluated the plaintiff's injuries and sent him to an outside hospital for treatment.  Upon his return from the hospital, correctional officials placed him in administrative segregation.

After the plaintiff's transfer back to the general population, his health began to deteriorate.  He experienced respiratory problems, tremors and vomiting.  Medical personnel sent him to an outside hospital for treatment.  Upon his return to Greensville, he remained in the infirmary until his transfer back to Connecticut in October 2003.  After the plaintiff returned to Connecticut, medical personnel at the University of Connecticut Health Center successfully treated his medical condition.

II. <u>Discussion</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court is required to review the complaint and dismiss it if it is frivolous or malicious or fails to state a claim on which relief may be granted.  Dismissal of a complaint under 28 U.S.C. 1915(e)(2)(B)(ii) is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief.'" Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

    A.   Complaint Against Greensville Correctional Center

Plaintiff's allegations concerning the deprivations he suffered while incarcerated at Greensville provide an adequate basis for a suit under 42 U.S.C. § 1983 against the correctional officials who permitted him to be assaulted and failed to provide him with adequate medical treatment for his injuries. However, no such individuals are named as defendants in the caption of the complaint, as required by Rule 10 of the Federal Rules of Civil Procedure. Instead, the caption names only the correctional facility itself.

It is well-established that a state correctional facility is not a "person" within the meaning of 42 U.S.C. § 1983, and thus cannot be sued in an action brought under the statute. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that a state is not a "person" under § 1983); Torrence v. Pelkey, 164 F. Supp. 2d 264, 271 (D. Conn. 2001) (noting that a state agency is not a "person" within the meaning of § 1983). For this reason, the complaint against Greensville fails to state a claim on which relief may be granted and must be dismissed.

In view of plaintiff's pro se status, his failure to list any Greensville personnel as defendants in the caption of the

complaint may be excused as a technical irregularity.  See Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005).  It is clear, however, that if any such personnel were listed in the caption, the action against them would be subject to dismissal for improper venue under 28 U.S.C. § 1391(b), and lack of personal jurisdiction.  Accordingly, plaintiff will not be given an opportunity to add them to the caption here.[1]

    B.   Complaint Against Former Commissioner Armstrong

Plaintiff alleges that former Commissioner Armstrong "sanctioned" his transfer to Greensville due to overcrowding in Connecticut prison facilities.  This allegation fails to state a claim for relief against Armstrong because an inmate has no constitutional right to remain in any particular correctional facility.  See Olim v. Wakinekona, 461 U.S. 238, 248 (1983) (inmates have no right to be confined in a particular state or a particular prison within a given state); Meachum v. Fano, 427 U.S. 215, 225 (1976) (transfer among correctional facilities, without more, does not violate inmate's constitutional rights, even where conditions in one prison are "more disagreeable" or the prison has "more severe rules); see also Asquith v. Dep't of Corr., 186 F.3d 407, 410, 411 (3d Cir. 1999) (inmates have no

---

[1] The proper venue for an action against these individuals is the United States District Court for the Eastern District of Virginia, where the underlying events occurred, and where the court presumably would have personal jurisdiction over the defendants.

protected liberty interest in remaining in a preferred correctional facility).

There is no allegation that Armstrong was deliberately indifferent to a risk that transferring plaintiff to Greensville would lead to an assault or denial of adequate medical care.  To the extent the complaint can be construed to allege that Armstrong was negligent in transferring plaintiff, it fails to state a claim for relief because negligent conduct does not support an action under § 1983.  See Daniels v. Williams, 474 U.S. 327, 335-36 (1986).

III. Conclusion

For the foregoing reasons, the action against Greensville is hereby dismissed with prejudice, and the action against Armstrong is dismissed without prejudice.  If plaintiff believes he can plead a valid claim against Armstrong under § 1983 based on his transfer to Greensville, he may file an amended complaint on or before May 1, 2006.  If no amended complaint is filed by then, the dismissal will be with prejudice.  The motions to appoint counsel (doc. # 4) and for discovery (doc. # 9) are hereby denied as moot.

So ordered this 30th day of March, 2006.

\s\
Robert N. Chatigny
United States District Judge