```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


CHESTER JONES,                     :
                                   :
     Plaintiff,                    :
                                   :
V.                                 :     CASE NO. 3:05CV450(DFM)
                                   :
JOHN ARMSTRONG,                    :
                                   :
     Defendant.                    :
```

                RULING ON MOTION FOR SUMMARY JUDGMENT

   The plaintiff, Chester Jones, a Connecticut inmate appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against John Armstrong, the former Commissioner of the Connecticut Department of Correction.  The plaintiff alleges that the defendant was deliberately indifferent to his safety in violation of the Eighth Amendment and is liable for injuries he sustained at the Greensville Correctional Center in Virginia after being transferred there by the Connecticut DOC.  Pending before the court is the defendant's motion for summary judgment.[1]  (Doc. #35.) The plaintiff has not filed a response to the defendants' motion.[2]

---

[1] On July 15, 2008, the parties consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (Doc. #37.)

[2] The defendant filed his motion on October 14, 2008 and as required by the local rule, informed the plaintiff of his obligation to respond to the motion for summary judgment and of the contents of a proper response. (Doc. #45.)  The court subsequently denied the plaintiff's motion to stay but granted him an extension of time until December 1, 2008 in which to file a response to the defendant's motion.  (Doc. #48.)  The plaintiff did not file anything in response to the court's order.

I.   Facts[3]

In October 1999, in order to alleviate overcrowding in the Connecticut prisons, the Connecticut Department of Correction entered into a contract with the Virginia Department of Correction to house certain Connecticut inmates in Virginia. (Doc. #44, Def's 56(a)1 at ¶1.) The Offender Classification and Population Management Unit made the decisions regarding inmate transfers to Virginia. (Def's 56(a)1 at ¶4.) The unit selected the plaintiff and other inmates for transfer. (Def's 56(a)1 at ¶5.) The defendant had no input and made no decisions regarding the placement of specific inmates at Greensville. (Def's 56(a)1 at ¶8; doc. #46, Armstrong Aff. ¶7.) The defendant did not have any knowledge that any Connecticut inmates housed at Greensville, including the plaintiff, were in danger of being assaulted as a

---

[3]The facts are taken from the defendant's Local Rule 56(a)1 Statement. Local Rule 56(a)1 requires the party moving for summary judgment to file a statement setting forth "each material fact as to which the moving party contends there is no genuine issue to be tried." The opposing party is to file a Local Rule 56(a)2 Statement indicating whether the material facts set forth in the moving party's Local Rule 56(a)1 Statement are admitted or denied. Each admission or denial must include a citation to an affidavit or other admissible evidence. The plaintiff did not file a Local Rule 56(a)2 Statement. Accordingly, the material facts set forth in the defendant's Local Rule 56(a)1 Statement – to the extent they are supported by the evidence in the record – are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("[a]ll material facts set forth in said statement will be deemed admitted unless controverted by" the plaintiff's Local Rule 56(a)2 Statement); Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2004) (courts "must be satisfied that the citation to evidence in the record supports the assertion").

result of their placement in that facility.  (Def's 56(a)1 at ¶8; Armstrong Aff. ¶9.)

In March 2003, the defendant retired from the Connecticut Department of Correction.  (Def's 56(a)1 at ¶6.)  The plaintiff alleges that after the defendant retired, in July 2003, the plaintiff was assaulted at the Greensville facility by unknown assailants.  (Id. at ¶3.)

In his amended complaint, the plaintiff alleges that the defendant "should have known about the dangers that Connecticut inmates faced while at Greensville" and that the plaintiff was "exposed to a serious risk of physical injury" as a result of the defendant's deliberate indifference to his safety.  (Doc. #12, Amended Compl. ¶¶6-7.)  He further alleges that he did not receive proper medical care at the Connecticut or Virginia Departments of Correction and as a result, suffers from recurring arm and shoulder pain.  (Amended Compl. ¶¶10-12.)

II.  Standard of Review

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Williams v. Utica Coll. of Syracuse Univ.,

453 F.3d 112, 116 (2d Cir. 2006).

The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact, see Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986), and the court must resolve all ambiguities and draw all inferences in favor of the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  "[W]here the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2004).  An unopposed motion for summary judgment should not be granted where the evidence fails to "show that the moving party is entitled to judgment as a matter of law." Id.  Finally, the plaintiff's pro se status requires the court to read his pleadings "liberally and interpret them to raise the strongest arguments that they suggest." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003).  The application of this modified standard, however, "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." Id.

III. Discussion

The defendant moves for summary judgment on the grounds that the plaintiff has not alleged any facts demonstrating the

4

defendant's personal involvement in the alleged constitutional violations.

"The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. . . . [U]nder 42 U.S.C. § 1983, prison officials are liable for harm incurred by an inmate if the officials acted with 'deliberate indifference' to the safety of the inmate." Hayes v. New York City Dept. of Corrections, 84 F.3d 614, 620 (2d Cir. 1996) (citation omitted). For a prison official to be liable under 42 U.S.C. § 1983 for the injuries a prisoner suffers at the hands of another prisoner, the plaintiff must show (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," Farmer v. Brennan, 511 U.S. 825, 834 (1994), and (2) that the prison official "possessed sufficient culpable intent." Hayes, 84 F.3d at 620.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). "A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." Leonard v. Poe, 282 F.3d 123, 140 (2d Cir. 2002). "Section 1983 imposes liability only on the official causing the violation. Thus, the doctrine of respondeat superior is inapplicable in section 1983 cases. See Blyden v.

Mancusi, 186 F.3d 252, 264 (2d Cir. 1999)." Nelson v. Lantz, No. 3:05CV273(SRU), 2006 WL 905355, at *6 (D. Conn. Apr. 7, 2006). However,

> a supervisor may be found liable for his deliberate indifference to the rights of others by his failure to act on information indicating unconstitutional acts were occurring or for his gross negligence in failing to supervise his subordinates who commit such wrongful acts, provided that the plaintiff can show an affirmative causal link between the supervisor's inaction and [his] injury.

Leonard, 282 F.3d at 140.

The plaintiff does not set forth any facts suggesting that the defendant was personally involved in his transfer to Greensville, had any knowledge that the plaintiff was exposed to any "substantial risk of serious harm" or was involved in his medical treatment. Because a review of the record reveals that the plaintiff has failed to allege the requisite personal involvement of the defendant, the motion for summary judgment is granted.[4]

IV. Conclusion

For these reasons, the defendant's motion for summary judgment (doc. #42) is granted.

SO ORDERED at Hartford, Connecticut this 22nd day of September, 2009.

```
          /s/
     _____
     Donna F. Martinez
     United States Magistrate Judge
```

---

[4] In light of the court's ruling, it need not address the defendant's other arguments.

6